2018 IL App (4th) 170182

NO. 4-17-0182

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE CITY OF DANVILLE, a Municipal Corporation, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| LISA MADIGAN, in Her Official Capacity as Attorney | ) | No. 16MR26 |
| General, and KEVIN FLYNN, | ) | |
| Defendant-Appellees. | ) | Honorable |
| | ) | Brian T. Otwell, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Holder White and DeArmond concurred in the judgment and opinion.

**OPINION**

¶ 1       This case arises from defendant Kevin Flynn's request pursuant to the Freedom of Information Act (the Act or FOIA) (5 ILCS 140/11(e) (West 2014)). In August 2015, Flynn requested documents from plaintiff, the City of Danville (the City), pertaining to the Danville Housing Task Force (Housing Task Force). The City denied Flynn's request, and he sought administrative review with defendant, the office of the Illinois Attorney General. The Attorney General subsequently issued a binding opinion, finding that the City improperly denied Flynn's request. The City then sought administrative review in Sangamon County circuit court, which affirmed the decision of the Attorney General.

¶ 2       The City appeals, arguing that (1) the Housing Task Force is not a "public body"

subject to FOIA disclosure requirements and (2) the requested records do not constitute "public records" as defined by the Act. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4           In December 2014, the Housing Task Force convened to identify housing issues and trends in the city of Danville, Illinois. Eighteen community members were asked to participate in the Housing Task Force in addition to four City employees. The Housing Task Force met several times between December 2014 and July 2015. At these meetings, the Housing Task Force discussed the availability of public housing and the population loss that the City had experienced. The objective of the Housing Task Force was to develop strategic goals and objectives to improve housing conditions within the community.

¶ 5           In July 2015, the City's engineering and urban services department sent a memorandum to the City's council members. The memorandum summarized the Housing Task Force's findings and recommendations, stating, in pertinent part, as follows:

> "With the assistance of city staff, we have extensively reviewed existing data associated with our neighborhoods, our public housing authority, and our city's policies. This document is not intended to be a comprehensive housing analysis; rather, it is a conglomeration of current issues, goals, and recommendations to alleviate said issues. *** We are now pleased to present to you our findings and recommendations for improvements."

¶ 6           On July 24, 2015, the Housing Task Force submitted its final report to the city council, which was made available to the public. The introduction to the report stated as follows:

> "Together, [the] goals, objectives and recommendations are intended to comprise

the City's housing strategy for the 2015-2020 planning period, and will guide daily decision-making by City officials and staff, while equipping citizens with the awareness of the housing programs that the City will be initiating to meet its overall housing goals."

¶ 7        On August 31, 2015, Kevin Flynn, a private citizen, requested documents from the City pursuant to the Act (5 ILCS 140/11(e) (West 2014)). Specifically, he requested the following:

"1. Please provide all meeting times, locations and meeting notices for the Danville Housing Task Force that completed the July 24, 2015 report.

2. Provide copies of all minutes, notes and documents created during the meetings.

3. Provide all communication[s], electronic or otherwise, between any member of said task force and any city of Danville employee, city staff or elected official."

¶ 8        That same day, the City denied Flynn's request on the basis that "the Housing Task Force is not a [p]ublic [b]ody and therefore not subject to FOIA." Flynn subsequently challenged the denial and sought administrative review with the Attorney General's Public Access Counselor. See *id.* § 9.5.

¶ 9        In a binding opinion dated December 15, 2015 (2015 Ill. Att'y Gen. Pub. Access Op. No. 15-014, at 1, http://foia.ilattorneygeneral.net/pdf/opinions/2015/15-014.pdf), the Attorney General found that the City "violated the requirements of FOIA by improperly withholding records responsive to [Flynn's] FOIA request relating to the Danville Housing Task

Force." The Attorney General noted that Flynn's request was submitted to the City, which was a public body. The Attorney General's opinion further stated as follows:

> "[T]he Housing Task Force was organized by a City department to assist that department in planning the City's five-year housing strategy. The City's Corporation Counsel has confirmed that the City's [Danville Area Transportation Study] Director coordinated the Housing Task Force using City resources during business hours. Based on these facts, it is clear that records relating to the activities of City officials and employees who convened the Housing Task Force and who continue to work on its objectives pertain to the transaction of public business of the City." *Id.* at 7.

The Attorney General concluded that the requested records pertained to the public business of the City and were in the City's possession. As such, the records were subject to disclosure under the Act.

¶ 10    In January 2016, the City filed the underlying complaint seeking administrative review in the circuit court, alleging that the documents requested were not subject to disclosure. In October 2016, the City filed a motion for summary judgment arguing that the Housing Task Force was not a "public body" and the requested records were not "public records" as defined by the Act.

¶ 11    In February 2017, the circuit court denied the City's motion for summary judgment and granted the Attorney General's cross-motion for summary judgment, finding that the City had possession of the requested records and the FOIA request was properly made upon a public body.

¶ 12        This appeal followed.

¶ 13                            II. ANALYSIS

¶ 14        Defendant argues on appeal that (1) the Housing Task Force is not a "public body" subject to FOIA disclosure requirements and (2) the requested records do not constitute "public records" as defined by the Act.

¶ 15        On review, the binding opinion issued by the Attorney General is considered a "final decision of an administrative agency, for purposes of administrative review under the Administrative Review Law." See 5 ILCS 140/11.5 (West 2014). "In an appeal from a final administrative decision, the applicable standard of review depends on whether the issue involves a question of fact, a question of law, or a mixed question of law and fact." *City of Champaign v. Madigan*, 2013 IL App (4th) 120662, ¶ 24, 992 N.E.2d 629 (citing *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 204, 692 N.E.2d 295, 302 (1998)). Where an agency's decision involves a mixed question of law and fact, the agency's decision is reviewed for clear error. *Goodman v. Ward*, 241 Ill. 2d 398, 406, 948 N.E.2d 580, 585 (2011) (citing *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 211, 886 N.E.2d 1011, 1018 (2008)); see also *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 391, 763 N.E.2d 272, 280 (2001). "An agency's decision is 'clearly erroneous' when the reviewing court is left with a firm and definite conviction that the agency has committed a mistake. [Citation.]" *City of Sandwich v. Illinois Labor Relations Board, State Panel*, 406 Ill. App. 3d 1006, 1008, 942 N.E.2d 675, 678 (2011).

¶ 16        Here, we review a mixed question of law and fact. We consider whether the documents responsive to Flynn's FOIA request concern a matter of public business. This case

also concerns a question of law because the terms "public record" and "public body" are legal terms that require interpretation. As such, we review the Attorney General's decision under the clearly erroneous standard with deference given to the administrative decision. See *City of Champaign*, 2013 IL App (4th) 120662, ¶ 28.

¶ 17            The purpose of the Act "is to open governmental records to the light of public scrutiny." *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 378, 538 N.E.2d 557, 559 (1989). "[P]ublic records are presumed to be open and accessible." *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 407, 680 N.E.2d 374, 377 (1997); 5 ILCS 140/1.2 (West 2014) ("All records in the custody or possession of a public body are presumed to be open to inspection or copying."). The public policy underlying the Act is set forth in section 1 of the Act:

> "The General Assembly hereby declares that it is the public policy of the State of Illinois that access by all persons to public records promotes the transparency and accountability of public bodies at all levels of government. It is a fundamental obligation of government to operate openly and provide public records as expediently and efficiently as possible in compliance with this Act.
>
> * * *
>
> Restraints on access to information, to the extent permitted by this Act, are limited exceptions to the principle that the people of this State have a right to full disclosure of information relating to the decisions, policies, procedures, rules, standards, and other aspects of government activity that affect the conduct of

government and the lives of any or all of the people. The provisions of this Act shall be construed in accordance with this principle." 5 ILCS 140/1 (West 2014).

¶ 18      The Act requires each public body to make public records "available to any person for inspection or copying." *Id.* § 3(a). The City argues on appeal that the Housing Task Force does not constitute a "public body" and thus it is not subject to the disclosure requirements under the Act. However, as the Attorney General explained in the binding opinion, Flynn submitted his FOIA request directly to the City—not the Housing Task Force. Thus, the relevant inquiry is whether the City, not the Housing Task Force, is a "public body." Under the Act, the term "public body" expressly includes cities: " 'Public body' means all legislative, executive, administrative, or advisory bodies of the State, state universities and colleges, counties, townships, *cities*, *** committees, or commissions of this State, [and] any subsidiary bodies of any of the foregoing ***." (Emphasis added.) *Id.* § 2(a). None of the parties to this appeal dispute that the City qualifies as a "public body" under the Act.

¶ 19      When a FOIA request is properly submitted to a public body, the inquiry is then whether the requested documents qualify as "public records" subject to the Act. Section 2(c) of the Act defines "public records" as follows:

> "[A]ll records, reports, forms, writings, letters, memoranda, books, papers, maps, photographs, microfilms, cards, tapes, recordings, electronic data processing records, electronic communications, recorded information and all other documentary materials pertaining to the transaction of public business, regardless of physical form or characteristics, having been prepared by or for, or having been or being used by, received by, in the possession of, or under the control of any

public body." *Id*. § 2(c).

Accordingly, to qualify as a "public record" under the Act, the requested documents must (1) pertain "to the *transaction of public business*" and (2) have been "prepared by or for, or having been or being used by, received by, in the *possession* of, or under the control of any public body." (Emphases added.) *Id.*

¶ 20     We first consider whether the requested records pertain to the "transaction of public business." *Id.* In *City of Champaign*, 2013 IL App (4th) 120662, ¶ 31, this court explained that the Act does not define the term "public business." Using the definition provided in Merriam-Webster's Dictionary, this court found that, to qualify as a public record, "a communication must first pertain to business or community interests as opposed to private affairs." (Internal quotations omitted.) *Id.*

¶ 21     Here, Flynn sent his FOIA request to the City and requested the following:

"1. Please provide all meeting times, locations and meeting notices for the Danville Housing Task Force that completed the July 24, 2015 report.

2. Provide copies of all minutes, notes and documents created during the meetings.

3. Provide all communication[s], electronic or otherwise, between any member of said task force and any city of Danville employee, city staff or elected official."

¶ 22     We agree with the Attorney General that the requested records pertain to "public business" as they appear to concern business or community interests and not private affairs. See *id.* The Housing Task Force, which was the subject of Flynn's FOIA request, had the stated

- 8 -

objective of developing housing strategies specifically for the City. The final report submitted by the Housing Task Force to the City council stated as follows:

> "Together, [the] goals, objectives and recommendations are intended to comprise the City's housing strategy for the 2015-2020 planning period, and will guide daily decision-making by City officials and staff, while equipping citizens with the awareness of the housing programs that the City will be initiating to meet its overall housing goals."

This document expressly provides that the Housing Task Force's recommendations are intended to set forth the City's housing strategy for the 2015-20 planning period and guide the daily decisions of City officials. The City's housing strategies and the daily decisions of City officials in such matters clearly pertain to public or community interests—not private affairs. See *id.*

¶ 23 Next, we consider whether the requested records have been "prepared by or for, or having been or being used by, received by, in the *possession of*, or under the control of any public body." (Emphasis added.) 5 ILCS 140/2(c) (West 2014); *City of Champaign*, 2013 IL App (4th) 120662, ¶ 32. The Attorney General points out that the City was in the possession of the documents Flynn requested, as evidenced by the City's ability to provide the Attorney General with the requested documents. We agree. The fact that the City produced the requested documents is certainly persuasive evidence that it possessed the documents. The City does not appear to dispute this part of the Attorney General's argument.

¶ 24 The City contends that the logical extension of the Attorney General's opinion would result in the conclusion that "any piece of paper inside city hall will qualify as a public record based solely upon its presence inside city hall." We disagree. Our holding today does not

have the far-reaching implications that the City suggests. When a FOIA request is submitted to a public body and the requested record is possessed by the public body, the record is subject to disclosure only if it qualifies as a "public record" that pertains to public business. There is not an unrestricted right to examine all documents possessed by a public body. If a record possessed by a public body pertains to private information or falls under one of the other enumerated exemptions within section 7(1) of the Act, then its disclosure is not required by the Act.

¶ 25                                    III. CONCLUSION

¶ 26            For the reasons stated, we affirm the circuit court's judgment affirming the Attorney General's binding opinion.

¶ 27            Affirmed.